NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ALONSO BARILLAS-GAMERO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-72619

Agency No. A215-562-504

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Luis Alonso Barillas-Gamero, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

request to remand and dismissing his appeal from an immigration judge's ("IJ")

decision denying his applications for cancellation of removal, asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). Our

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to remand, *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), and its denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The BIA did not abuse its discretion in denying Barillas-Gamero's request to remand for a competency inquiry. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (the BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law); *see also Salgado v. Sessions*, 889 F.3d 982, 987-88 (9th Cir. 2018) (no abuse of discretion where there were no indicia that petitioner was unable to understand the nature or object of the proceedings) (citing *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011)). We lack jurisdiction to consider Barillas-Gamero's contention that the IJ violated due process by not making a competency finding. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

19-72619

As to cancellation of removal, the agency did not abuse its discretion by denying a continuance. *See* 8 C.F.R. § 1003.29. We lack jurisdiction to consider Barillas-Gamero's contention that the IJ's denial of a continuance violated his due process rights. *See Barron*, 358 F.3d at 677-78. We also lack jurisdiction to review the IJ's discretionary hardship determination. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (this court's jurisdiction is limited to constitutional claims and questions of law).

The record does not compel the conclusion that Barillas-Gamero established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5).

As to withholding of removal, the BIA erred in finding that Barillas-Gamero's past harm did not rise to the level of persecution, where the IJ did not make that finding. *See Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012) (BIA may not make its own factual findings). Further, the agency erred in determining that Barillas-Gamero failed to establish membership in a cognizable particular social group because it did not conduct the requisite analysis. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) (remanding where the agency "did not perform the required evidence-based inquiry"). The agency also erred by failing to consider Barillas-Gamero's imputed political opinion claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not

3                                                    19-72619

free to ignore arguments raised by a petitioner."). Thus, we grant the petition for review, and remand Barillas-Gamero's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Barillas-Gamero failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The motion for a stay of removal (Docket Entry No. 1) is granted. Barillas-Gamero's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**